DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
ALEXANDER R. SAFYAN (Bar No. 277856)
  asafyan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone:  (818) 788-8300
Facsimile:    (818) 788-8104

DOUGLAS A. MILLEN (*pro hac vice forthcoming*)
  dmillen@fklmlaw.com
ROBERT J. WOZNIAK (*pro hac vice forthcoming*)
  rwozniak@fklmlaw.com
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Telephone:  (224) 632-4500
Facsimile:    (224) 632-4521

Additional Counsel Listed on Signature Page

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STACI SEED, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HONEST COMPANY, INC.,<br><br>Defendant. | CASE NO. 2:16-cv-1835<br><br>**CLASS ACTION COMPLAINT** |

*Left margin (vertical text):* PEARSON, SIMON & WARSHAW, LLP · 15165 VENTURA BOULEVARD, SUITE 400 · SHERMAN OAKS, CALIFORNIA 91403

868651.3

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Plaintiff Staci Seed ("Plaintiff"), individually and on behalf of all similarly situated residents of the United States, brings this class action against The Honest Company, Inc., and alleges as follows:

## INTRODUCTION

1.     This case concerns three products marketed, distributed, and sold by The Honest Company, Inc. ("Honest" or "Defendant"):  Honest Laundry Detergent, Honest Dish Soap, and Honest Multi-Surface Cleaner (collectively, "the SCS Products").  Honest broadly advertises its mission to produce and sell products that are natural and free of harmful chemicals.  In furtherance of this mission, it specifically represents to the consuming public that the SCS Products do not contain one such chemical, sodium lauryl sulfate ("SLS"), a known skin irritant.  It makes these representations in various ways calculated to take advantage of consumers' trust – it says that the SCS Products are "Honestly Free of SLS" on the product labels, Internet blog posts, its official company and third party websites, and via the Instagram and Twitter accounts of its co-founders.  Unfortunately, these representations are false; each of the SCS Products contains SLS, in concentrations of up to 14%.

2.     Honest states that the SCS Products contain sodium coco sulfate ("SCS"), a "coconut based cleanser" that is a "gentler alternative" to harsh chemicals like SLS.  This is misleading in the extreme; SCS is an irritating surfactant just as SLS is, and in fact, SLS is a major component of SCS.  Honest is deceiving customers by representing that they can avoid SLS by using the SCS formulation in the SCS Products, and is charging a premium for the ostensibly safer SCS Products.  Through this action, Plaintiff and the putative Class seek to stop this deception, and recover damages caused by it.

## PARTIES

3.     Plaintiff Staci Seed is a resident of Deerfield, Illinois.  She purchased one or more SCS Products at her local Target retail stores within the applicable

statutory period for the claims set forth herein.  Ms. Seed actively searched for products that did not contain SLS and purchased the SCS Products because they were guaranteed to be "SLS-free."  Ms. Seed relied on Defendant's misleading labeling, packaging, and marketing in her decisions to purchase the SCS Products.  Were it not for Defendant's misleading labeling, packaging, and marketing, Ms. Seed would not have purchased or paid as much for the SCS Products.

4.     Defendant The Honest Company, Inc. is a Delaware corporation headquartered in Santa Monica, California.  Honest markets and sells a variety of consumer care products, including the SCS Products, both online and in numerous brick and mortar stores.  Honest maintains supply chain control over the manufacture of all its products, and distributes and sells them to major retail outlets throughout the United States, including Costco, Whole Foods, and Target, among others.

5.     Honest was established in 2011 by co-founders Jessica Alba and Christopher Gavigan.  The company promotes its consumer products, which include diapers, baby wipes, soaps, detergents, lotions, household cleaners, and vitamins, as safe, eco-friendly, and non-toxic.  According to a May 2015 Forbes article:  "Safety sells.  The Honest Company has experienced an absurd level of growth.  In 2012, its first year selling products, it hit $10 million in revenue.  By [2014] it was $150 million, and industry insiders are predicting over $250 million [in 2015]."[1]

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs,

---

[1] http://www.forbes.com/sites/clareoconnor/2015/05/27/how-jessica-alba-built-a-1-billion-company-and-200-million-fortune-selling-parents-peace-of-mind/#7f3e283d1f0c.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  and both Plaintiff and other members of the putative Class are citizens of States
2  different from Defendant.

3    7.    This Court has personal jurisdiction over Honest because Honest has its
4  principal place of business in California.

5    8.    Venue is proper in this District under 28 U.S.C. § 1391(a) because a
6  substantial part of the events or omissions giving rise to Plaintiff's claims occurred
7  in this District.

8    9.    A venue affidavit pursuant to California Civil Code § 1780(d) is
9  attached hereto as Exhibit A.

10  **<u>FACTUAL ALLEGATIONS</u>**

11    10.    During the relevant time period, Plaintiff purchased one or more SCS
12  Products from various Target retail stores, including, at least, the Target in Highland
13  Park, Illinois.  In making the decision to purchase the SCS Products, Plaintiff saw
14  and relied on Honest's representations that the products were free of SLS.

15    11.    Based on Honest's representations that the SCS Products were SLS-
16  free, Plaintiff paid a premium for the SCS Products over and above comparable
17  products that did not claim to be SLS-free.  Instead of receiving products free of
18  SLS, however, Plaintiff received products that in fact contained SLS.

19    12.    On information and belief, since at least 2011, Honest at all times has
20  marketed, and continues to market the SCS Products as SLS-free.

21    13.    Honest states on its website and in various marketing materials that
22  SLS is an ingredient that it will never consider for use in any of its products.

23    14.    On information and belief, Honest has spent millions of dollars
24  marketing its own brand, including the SCS Products that claim to be SLS-free.

25    15.    Honest's marketing campaign has been continuous, through multiple
26  forms, and disseminated through all forms of media, including print, television
27  advertisements and appearances, social media (e.g., Instagram, Twitter, Facebook,
28  and Pinterest), Honest's website, and multiple third-party websites.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

16.     All of the SCS Products' names are preceded by the word "honest" and include "The Honest Co." trademark.

17.     Honest promotes its "honestly FREE Guarantee" which states: "...we created our Honestly FREE Guarantee — a core commitment we make to you and your children.  And, it's another way for us to be Honest — educating, empowering and inspiring people to make better choices for their health and families.  Providing clear, credible, transparent information.  No smoke and mirrors.  No confusion." (Emphasis added).[2]

18.     Through the "honestly FREE Guarantee," Honest markets to and plays on consumers' fears of poisoning themselves and their children by stating how safe its products are and "our children are worth it."

19.     Honest claims to be "über-vigilant to the latest science."  (Emphasis in original).

20.     Honest claims to be "hyper-attentive to staying abreast of the latest science, actively consulting our medical advisory panel, conducting chemical safety profiling, referring to green chemistry reports, adapting to new international standards and examining credible lists of unacceptable ingredients (like the International Chemical Secretariat's Substitute It Now list).  And should any new regulations, studies or real risks become apparent and concerning to us or our community, we quickly assess the data, modify our approach and immediately update our formulation (that's how we roll)!"

21.     An important part of Honest's marketing has been its representation that its products are SLS-free.  Honest published a blog post on its website about the dangers of products containing SLS (all emphasis in original):

---

[2] https://www.honest.com/about-us/honestly-free-guarantee (source for quoted language in ¶¶ 17-20).

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**Ingredient:**

These are actually **two different, but closely related, chemicals**: Sodium Lauryl Sulfate (SLS) and Sodium Laureth Sulfate (SLES).


**What they are:**

Sodium lauryl sulfate can be made from petroleum oil (via the OXO process) or from coconut or palm oil (via the Ziegler process).  In both processes, fatty acids are extracted and converted to fatty alcohols, then sulfonated to become a crystalline salt.  If SLS undergoes a chemical process called "ethoxylation," it becomes SLES.


**What they do:**

Both of these chemicals are used in products primarily as **emulsifiers (to help keep all ingredients properly mixed up)** and **surfactants (to help clean and create lather)**.  They can be found in shampoos, toothpastes, mouthwashes, body washes, soaps, detergents, and more.


**Why we're featuring them today:**

For many years, SLS was the star surfactant in skincare products, despite being **a known irritant**.  This is so well-known, in fact, that it's **commonly used in lab testing to intentionally harm skin**.  Following application, scientists can compare the effects of untested products against SLS or test the efficacy of products intended to heal skin.


Widespread concern over the past few years compelled many companies to look for a gentler alternative.  Putting SLS through the ethoxylation process led to the creation of SLES, a milder surfactant; it also often **produces 1, 4-dioxane, a toxic contaminant and likely carcinogen**.  Though the U.S. Food and Drug Administration recommends that companies strip out this nasty chemical, it's not a

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  requirement.  That's likely why **independent testing conducted by the EWG**
2  **found this contaminant in 46% of products tested**.

3

4  SLS and SLES are both included in our Honestly Free Guarantee which means we'll
5  never use them.  We've switched over to sodium coco sulfate (SCS), which is a
6  gentler alternative always derived from coconut.

7

8  **Want your home to be Honestly Free of SLS & SLES?**
9  It's as simple as reading your ingredient labels.  **Avoid anything that lists the**
10  **following:  SLS, SLES, sodium lauryl sulfate, sodium dodecyl sulfate, sodium**
11  **laureth sulfate, or sodium lauryl ether sulfate**.  (There are actually even more
12  names for these two ingredients, but the ones above are most commonly used in the
13  marketplace.)

14

15  Be aware:  Many brands that claim to be "natural," "green," or "eco-friendly" still
16  use these ingredients, so read carefully!  If it's a company you love, **ask them to use**
17  **a safer alternative**.  Together, we can make it better…[3]

18

19        22.      Honest states that the SCS Products contain Sodium Coco Sulfate
20  ("SCS"), which Honest claims is "gentler" than SLS.  However, SCS is largely SLS,
21  and listing it as an ingredient while claiming to be SLS-free is false and
22  scientifically indefensible.

23        23.      "From the typical fatty acid composition of coconut oil (Table 1 below)
24  sodium coco sulfate would be about 66% sodium lauryl sulfate. [50/(50+16+8+2)].

25

26  _____

27  [3] https://blog.honest.com/what-is-sodium-lauryllaureth-sulfate/.

28

The proportion of lauryl sulfate in sodium coco sulfate is not strictly defined.[4]

**Table 1.**
**Typical fatty acid composition of coconut oil**

| Fatty acid | % | nomenclature |
|------------|-----|--------------|
| Caprylic Acid | 8 | 8:0 |
| Capric Acid | 8 | 10:0 |
| Lauric Acid | 50 | 12:0 |
| Myristic Acid | 16 | 14:0 |
| Palmitic Acid | 8 | 16:0 |
| Stearic Acid | 2 | 18:0 |
| Oleic Acid | 5 | 18:1 |
| Linoleic Acid | 2 | 18:2 |

24.     The SCS contained in Honest's SCS Products is a blend of sulfates, one of which is SLS.  Instead of honestly listing all of the SCS component sulfates as ingredients, Honest merely identifies SCS, and falsely represents the SCS Products as SLS-free.

25.     Other manufacturers that use SCS in products similar to the Honest SCS Products do not claim to be SLS-free, and this drives consumers who seek to avoid SLS to purchase the Honest SCS Products.

26.     During their investigation of this lawsuit, Plaintiffs' counsel had independent laboratory testing performed on the SCS Products.

27.     In these laboratory tests conducted in early February 2016, the SCS Products were analyzed using high pressure liquid chromatography (HPLC), which showed that the SCS Products contain significant percentages of SLS.

28.     In addition, also in laboratory tests conducted in early February 2016, the SCS Products were analyzed using liquid chromatography with mass spectroscopy (LC-MS), which further confirmed the presence of SLS.

29.     On March 10, 2016, as this lawsuit was being prepared, The Wall

---

[4] *See* http://www.hebebotanicals.co.nz/sodium-coco-sulfate-another-synthetic-detergent/.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  Street Journal published an article entitled, "Laundry Detergent From Jessica Alba's

2  Honest Co. Contains Ingredient It Pledged to Avoid," reporting that two

3  independent lab tests confirmed the presence of SLS in Honest Laundry Detergent,

4  thereby corroborating the lab testing conducted by Plaintiff's counsel in February

5  2016.

6       30.    The March 10, 2016 article also confirmed that Honest does not make

7  most of its products, relying instead on outside suppliers such as Earth Friendly, a

8  California company that produces Honest Laundry Detergent as well as its own

9  detergent, sold under the brand name Ecos (and lab tests commissioned by The Wall

10  Street Journal reportedly showed that Ecos detergent contains significant amounts of

11  SLS).

12       31.    SLS can cause irritation of the scalp, gums, and skin at just a 1%

13  concentration, and in some people the reaction can be quite strong.  Higher

14  concentrations have been shown to cause severe irritation and even corrosion of the

15  skin.

16       32.    The "SLS Free" claim for the SCS Products is merely a marketing ploy

17  by Honest and is not scientifically defensible.

18  **Honest Laundry Detergent**

19       33.    Honest Laundry Detergent's product packaging and website stated and

20  continues to state that it contains SCS and is SLS-free.

21       34.    The following excerpted screenshot appeared on the Honest website on

22  January 29, 2016:

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



35.     The following excerpted screenshots appeared on the Honest website on January 29, 2016, stating that Honest Laundry Detergent was free of SLS:





36.     The following excerpted screenshot appeared on the Honest website on January 29, 2016, stating that Honest Laundry Detergent contained SCS:

**INGREDIENTS:**

Purified Water, Cocamidopropyl Betaine (Coconut-Based Cleanser), Sodium Coco Sulfate (Coconut-Based Cleanser), Oxide (Coconut-Based Cleanser), Phenoxyethanol (pH-Sensitive Preservative), Methylisothiazolinone (Preservative), E

37.     By consistently and systematically labeling and marketing Honest Laundry Detergent as SLS-free through the Class Period, Honest intended that all members of the consuming public purchasing Honest Laundry Detergent would be exposed to those marketing claims.

**Honest Dish Soap**

38.     Honest Dish Soap product packaging and website stated and continues to state that it contains SCS and is SLS-free.

39.     The following excerpted screenshot appeared on the Honest website on January 29, 2016:



40.     The following excerpted screenshots appeared on the Honest website on January 29, 2016, stating that Honest Dish Soap was free of SLS:

/ / /

/ / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

CLASS ACTION COMPLAINT





41.    The following excerpted screenshot appeared on the Honest website on January 29, 2016, stating that Honest Dish Soap contained SCS:

**details & ingredients**

Available in 3 scents: Lavender, Lemon Verbena, and White Grapefruit
26.5 fl. oz.

**LAVENDER**
Water, Sodium Coco Sulfate (Coconut-Based Cleanser), Lauryl Glucoside, Acid, Sodium Benzoate (Naturally Derived Stabilizer), Lavandula Officinalis

**LEMON VERBENA**
Water, Sodium Coco Sulfate (Coconut-Based Cleanser), Lauryl Glucoside, Acid, Sodium Benzoate (Naturally Derived Stabilizer), Citrus Medica Limon

**WHITE GRAPEFRUIT**
Water, Sodium Coco Sulfate (Coconut-Based Cleanser), Lauryl Glucoside, Acid, Sodium Benzoate (Naturally Derived Stabilizer), Citrus Paradisi (White

42.    By consistently and systematically labeling and marketing Honest Dish Soap as SLS-free through the Class Period, Honest intended that all members of the consuming public purchasing Honest Dish Soap would be exposed to those

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

marketing claims.

**Honest Multi-Surface Cleaner**

43.     Honest Multi-Surface Cleaner product packaging and website stated and continues to state that it contains SCS and is SLS-free.

44.     The following excerpted screenshot appeared on the Honest website on January 29, 2016:



45.     The following excerpted screenshots appeared on the Honest website on January 29, 2016, stating that Honest Multi-Surface Cleaner was free of SLS:



PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

made without: ammonia, SLS, SLES,

46.     The following excerpted screenshot appeared on the Honest website on January 29, 2016, stating Honest Multi-Surface Cleaner contained SCS:



details & ingredients

White Grapefruit
26 fl. oz. (769 mL)

INGREDIENTS:

Purified Water, Sodium Coco Sulfate (Coconut-Based Cleanser), Preservative), Citrus Grandis Oil (N.O.P. Certified Organic Grape From Corn Sugars), Methylisothiazolinone (Preservative)

47.     By consistently and systematically labeling and marketing Honest Multi-Surface Cleaner as SLS-free through the Class Period, Honest intended that all members of the consuming public purchasing Honest Multi-Surface Cleaner would be exposed to those marketing claims.

## RULE 9(b) ALLEGATIONS

48.     Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

49.     WHO:  Honest made material misrepresentations and omissions of fact in the labeling, packaging, and marketing of the Honest Products.

50.     WHAT:  Honest made material misrepresentations and omissions of fact by using the terms "honestly FREE guarantee" and "Honestly Free of SLS" in the labeling, packaging, and marketing of the SCS Products.  Defendant made these claims with respect to the SCS Products even though the SCS Products did not meet the requirements to make such claims.  Defendant's misrepresentations and

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1 omissions were material because a reasonable consumer would not have purchased
2 or paid as much for the SCS Products if Plaintiff knew that they contained false
3 representations.

4      51.    WHEN: Honest made the material misrepresentations and omissions
5 detailed herein continuously throughout the Class Period.

6      52.    WHERE:  Honest's material misrepresentations and omissions were
7 made, *inter alia*, on the labeling and packaging of the SCS Products, on Defendant's
8 website (www.honest.com), and through Honest's various other marketing and
9 advertising materials.

10      53.    HOW:  Honest made written misrepresentations and failed to disclose
11 material facts on the labeling and packaging of the SCS Products and on its website
12 and other advertising.

13      54.    WHY:  Honest engaged in the material misrepresentations and
14 omissions detailed herein for the express purpose of inducing Plaintiff and other
15 reasonable consumers to purchase and/or pay a premium for Defendant's SCS
16 Products based on the belief that they were "Honestly Free of SLS" and the
17 "honestly FREE guarantee."  Defendant profited by selling the SCS Products to
18 millions of unsuspecting consumers nationwide, capitalizing on the growing demand
19 for eco-friendly consumer products.

20 **CLASS ACTION ALLEGATIONS**

21      55.    Plaintiff brings this action individually and on behalf of the following
22 Class pursuant to Rule 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil
23 Procedure:

24         All United States residents who purchased Honest
        Laundry Detergent, Honest Dish Soap, and/or Honest
25         Multi-Surface Cleaner for personal use and not for resale
26         at any time during the four years preceding the filing of
        this complaint ("Class Period").
27

28      56.    Plaintiff reserves the right to redefine the Class prior to certification.

57.     Excluded from the Class is Defendant, any of its parent companies, subsidiaries, and/or affiliates, its officers, directors, legal representatives, and employees, any co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

58.     This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, typicality,   adequacy, predominance, and superiority requirements of those provisions.

59.     The Class is so numerous that the individual joinder of all of its members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is in the thousands and that members of the Class are geographically dispersed across the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

60.     Common questions of law and fact exist as to all members of the Class, and these common questions predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

a.     Whether the SCS Products contained SLS;

b.     Whether it is accurate to state that SCS does not contain SLS;

c.     Whether it is accurate to state that SCS is a "gentler alternative" to SLS;

d.     Whether it is accurate to state that SCS is a "safer alternative" to SLS;

e.     Whether Honest's labeling, packaging, and marketing of the SCS Products was false and/or misleading;

PEARSON, SIMON & WARSHAW, LLP
15 165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

f.      Whether Honest's labeling, packaging, and marketing of the SCS Products constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*);

g.      Whether Honest's labeling, packaging, and marketing of the SCS Products constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

h.      Whether Honest's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

i.      Whether Plaintiff and the Class are entitled to compensatory damages, and if so, the nature of such damages;

j.      Whether Plaintiff and the Class are entitled to restitutionary relief; and

k.      Whether Plaintiff and the Class are entitled to injunctive relief.

61.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they were all exposed to Defendant's representations concerning the SCS Products and purchased one or more of the SCS Products based on those representations.

62.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience handling complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

63.     A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impracticable. Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.   The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

64.     This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief respecting the class as a whole.

65.     This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact identified above, without limitation,  predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT
## (CAL. CIV. CODE §§ 1750, ET SEQ.)
### (Plaintiff and the Class Against Defendant)

66.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

67.     Plaintiff and each proposed Class member is a "consumer," as that term is defined in Cal. Civ. Code § 1761(d).

68.     The Honest Products are "goods," as that term is defined in Cal. Civ. Code § 1761(a).

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

69.     Defendant is a "person," as that term is defined in Cal. Civ. Code § 1761(c).

70.     Plaintiff's and each proposed Class Member's purchase of the Honest Products constituted a "transaction," as that term is defined in Cal. Civ. Code § 1761(e).

71.     Defendant's conduct alleged herein violates the following provisions of the CLRA:

a.     Civil Code § 1770(a)(5), by representing that the SCS Products had characteristics, ingredients, uses, and benefits which they do not have;

b.     Civil Code §1770(a)(7), by representing that the SCS Products were of a particular standard, quality, or grade, when they were of another;

c.     Civil Code § 1770(a)(9), by advertising goods with intent not to sell them as advertised;

d.     Civil Code § 1770(a)(16), by representing that the SCS Products have been supplied in accordance with previous representations when they have not.

72.     As a direct and proximate result of these violations, Plaintiff and the Class have been harmed, and that harm will continue unless Honest is enjoined from representing that the SCS Products are SLS-free.

73.     On March 16, 2016, counsel for Plaintiff and the proposed Class provided Defendant with written notice (via Certified Mail, Return Receipt Requested) that its conduct is in violation of the CLRA.  Thus, pursuant to California Civil Code § 1782, Plaintiff intends to amend this complaint to bring a claim for actual damages after the passing of the statutory notice period.

74.     Plaintiff seeks an award of attorney's fees pursuant to, *inter alia*, Cal. Civ. Code §1780(e) and Cal. Code Civ. Proc. § 1021.5.

/ / /

/ / /

/ / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

19

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## SECOND CLAIM FOR RELIEF

## NEGLIGENT MISREPRESENTATION

### (Plaintiff and the Class Against Defendant)

75.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

76.     During the Class Period, Defendant represented to consumers through the labeling, packaging, and marketing of the SCS Products that the products were SLS-free.  Defendant made these representations knowing that such claims would be material to a reasonable consumer's purchasing decision.

77.     Defendant's representations that the SCS Products were SLS-free were false because the SCS Products, in fact, contained SLS.

78.     Defendant's misrepresentations regarding the health, characteristics, composition, and quality of the SCS Products were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume the SCS Products.

79.     Defendant's material misrepresentations concerning the health, characteristics, composition, and quality of the SCS Products were false and made without reasonable grounds for believing them to be true.

80.     Defendant made material misrepresentations concerning the health, characteristics, composition, and quality of the SCS Products with the intent to induce Plaintiff and the Class to purchase the SCS Products.

81.     Plaintiff and the Class reasonably and materially relied on Defendant's material misrepresentations in choosing to purchase the SCS Products.

82.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have incurred damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

## (CAL. BUS. & PROF. CODE §§ 17500, ET SEQ.)

### (Plaintiff and the Class Against Defendant)

83.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

84.     Defendant's actions as described herein constitute unfair competition within the meaning of the False Advertising Law ("FAL") insofar as Defendant has disseminated untrue and/or misleading representations in connection with the sale of the SCS Products.

85.     Defendant has engaged in and continues to engage in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by making the untrue and/or misleading representations concerning the health, characteristics, composition, and quality of the Honest Products alleged above, without having any reasonable basis for doing so. Plaintiff is informed and believes and thereon alleges that Defendant has intentionally falsely labeled and advertised the SCS Products as "Honestly Free of SLS."  Reasonable consumers purchased the Honest Products upon the belief that they were "Honestly Free of SLS."

86.     As a direct and proximate result of Defendant's violation of the FAL, Plaintiff and the Class have suffered injury in fact and have suffered economic harm by losing money as a result of purchasing the Honest Products.

87.     Defendant's wrongful business practices constitute a continuing course of conduct of false advertising since Defendant is continuously marketing and selling the Honest Products in a manner likely to deceive the public.  Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful and unfair business practices and any other act prohibited by law, including those set forth in this Complaint.

88.     As a direct and proximate result of Defendant's conduct, as set forth

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  herein, Defendant has received money that properly belongs to Plaintiff and the

2  Class.  Therefore, Plaintiff and the Class request restitution of these amounts.

3       89.    Plaintiff should further be awarded attorneys' fees pursuant to, *inter*

4  *alia*, Cal. Code Civ. Proc. § 1021.5.

5                    **FOURTH CLAIM FOR RELIEF**

6  **UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES**

7              **(CAL. BUS. & PROF. §§ 17200 ET SEQ.)**

8            **(Plaintiff and the Class Against Defendant)**

9       90.    Plaintiff repeats the allegations contained in the foregoing paragraphs

10  as if fully set forth herein.

11      91.    Defendant's actions as described herein constitute unfair competition

12  within the meaning of California's Unfair Competition Law ("UCL"), insofar as the

13  UCL prohibits "any unlawful, unfair or fraudulent business act or practice" or

14  "unfair, deceptive, untrue or misleading advertising."

15      92.    Defendant's misrepresentations and omissions of material fact as

16  alleged herein constitute unlawful, unfair, and fraudulent business practices in that

17  they deceived Plaintiff and the Class into believing that the SCS Products were

18  "Honestly Free of SLS."

19      93.    Defendant's conduct constitutes an "unlawful" business practice within

20  the meaning of the UCL because it violates the CLRA and FAL.

21      94.    Defendant's conduct constitutes an "unfair" business practice within

22  the meaning of the UCL because it is immoral, unethical, oppressive, unscrupulous

23  and/or substantially injurious to consumers.  Reasonable consumers purchased the

24  Honest Products believing the truth of Honest's representations concerning their

25  composition. These consumers were not aware, and could not have reasonably been

26  aware, that the SCS Products were falsely labeled as "Honestly free of SLS."

27  Defendant's conduct in falsely labeling and packaging the Honest Products and

28  selling them as such has no utility or countervailing benefit and consumers could not

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   have reasonably avoided their injury.

2      95.   Defendant's conduct constitutes a "fraudulent" business practice within

3   the meaning of the UCL insofar as Defendant's misrepresentations and omissions

4   regarding the health, characteristics, composition, and quality of the Honest

5   Products were and are likely to deceive members of the public.

6      96.   As a direct and proximate result of Defendant's wrongful business

7   practices in violation of the UCL, Plaintiff and Class members have suffered injury

8   in fact and lost money or property as a result of purchasing the SCS Products.

9   Plaintiff and Class members would not have purchased nor paid as much for the

10   SCS Products had they known the truth about their claims.

11      97.   Defendant's wrongful business practices constitute a continuing course

12   of conduct of unfair competition since Defendant is labeling, marketing, and selling

13   the Honest Products in a manner likely to deceive the public.

14      98.   Pursuant to California Business and Professions Code § 17203,

15   Plaintiff and the Class seek an order of this Court enjoining Defendant from

16   continuing to engage in unlawful, unfair, and fraudulent business practices and any

17   other act prohibited by law, including those set forth in this Complaint. Plaintiff and

18   the Class also seek an order requiring Defendant to make full restitution of all

19   moneys it wrongfully obtained from Plaintiffs and the Class.

20      99.   Plaintiff should further be awarded attorneys' fees pursuant to, *inter*

21   *alia*, Cal. Code Civ. Proc. § 1021.5.

22   <u>**PRAYER FOR RELIEF**</u>

23      WHEREFORE, Plaintiff and members of the Class pray for relief and

24   judgment against Defendant, as follows:

25      1.   For an order certifying the Class and appointing Plaintiff as Class

26   Representative and her counsel as Class Counsel;

27      2.   For damages suffered by Plaintiff and the Class;

28      3.   For restitution to Plaintiff and the Class of all monies wrongfully

1   obtained by Defendant;

2       4.      For injunctive relief requiring Defendant to cease and desist from

3   engaging in the unlawful, unfair, and/or deceptive practices alleged in the

4   Complaint;

5       5.      For Plaintiff's reasonable attorneys' fees, pursuant to, *inter alia*, Cal.

6   Civ. Code § 1780(e) and Cal. Code Civ. Proc. § 1021.5;

7       6.      For Plaintiff's costs incurred;

8       7.      For pre-judgment and post-judgment interest at the maximum

9   allowable rate on any amounts awarded; and

10      8.      For such other and further relief that this Court deems just and proper.

11                        **<u>DEMAND FOR JURY TRIAL</u>**

12      Plaintiff hereby demands a trial by jury of all claims and causes of action so

13  triable in this lawsuit.

14

15  DATED: March 17, 2016              **PEARSON, SIMON & WARSHAW, LLP**

16

17                                 By:      */s/ Daniel L. Warshaw*
                                            DANIEL L. WARSHAW
18

19                                 DANIEL L. WARSHAW (Bar No. 185365)
                                      dwarshaw@pswlaw.com
20                                 ALEXANDER R. SAFYAN (Bar No. 277856)
                                      asafyan@pswlaw.com
21
22                                 **PEARSON, SIMON & WARSHAW, LLP**
                                   15165 Ventura Boulevard, Suite 400
23                                 Sherman Oaks, California 91403
                                   Telephone:  (818) 788-8300
24                                 Facsimile:     (818) 788-8104

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

DOUGLAS A. MILLEN (*pro hac vice forthcoming*)
   dmillen@fklmlaw.com
ROBERT J. WOZNIAK (*pro hac vice forthcoming*)
   rwozniak@fklmlaw.com
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Telephone:  (224) 632-4500
Facsimile:   (224) 632-4521

HARRY SHULMAN (Bar No. 209908)
   harry@shulmanlawfirm.com
**SHULMAN LAW**
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone:  (415) 901-0505
Facsimile:  (415) 901-0506

*Counsel for Plaintiff and the Proposed Class*

# EXHIBIT A

1

## **AFFIDAVIT OF DANIEL L. WARSHAW**

2

## **PURSUANT TO CALIFORNIA CIVIL CODE § 1780**

3      Daniel L. Warshaw declares:

4      1.      I am an attorney duly admitted to practice before this Court.  I am a

5  partner in the law firm of Pearson, Simon & Warshaw, LLP, attorneys of record for

6  Plaintiff Staci Seed.

7      2.      I am one of the attorneys principally responsible for the handling of this

8  matter.  I am personally familiar with the facts set forth in this declaration, and if

9  called as a witness, I could and would competently testify to the matters stated

10  herein.

11      3.      This action has been commenced in a county described in California

12  Civil Code section 1780 as a proper place for the trial of the action.  The

13  transactions or a substantial portion thereof occurred in Los Angeles County,

14  California.

15      I declare under penalty of perjury under the laws of the State of California

16  that the foregoing is true and correct.

17      Executed on March 17, 2016, at Sherman Oaks, California.

18

19                                        /s/ *Daniel L. Warshaw*
                                             Daniel L. Warshaw

20

21

22

23

24

25

26

27

28

868651.3

CLASS ACTION COMPLAINT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403